| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>**MATTHEW J. MATARESE,**<br><br>                              Plaintiff,<br>          -against-<br><br><br>**LONG ISLAND RAIL ROAD COMPANY**,<br><br>                              Defendant.<br>------------------------------------------------------------------X | Filed:<br>24 CV<br>J<br>MJ<br><br>**COMPLAINT**<br><br><br><br>PLAINTIFF<br>DEMANDS TRIAL<br>BY JURY |

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC, respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY (LIRR), as a LIRR car repairman in the LIRR Maintenance of Equipment Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR car repairman in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, the LIRR was a was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 13400, Federal Question.

## LIABILITY

7. Upon information and belief, that at all times hereinafter mentioned, defendant operated, managed, and controlled the LIRR Hillside Maintenance Facility, Queens County, New York, hereinafter LIRR HMC.

8. Upon information and belief, that at all times hereinafter mentioned, defendant operated, managed, and controlled the movement, operation, maintenance, and repair of the locomotives, railroad cars, and railroad trains at the LIRR HMC.

9. Upon information and belief, that at all times hereinafter mentioned, defendant directed plaintiff as a car repairman to work in, on, about, and under the aforesaid locomotives, railroad cars, and railroad trains, at the LIRR HMC.

10. That on July 14, 2022, plaintiff was performing his job duties underneath LIRR MU locomotive #9940, when, suddenly and without warning, the locomotive air horn sounded causing plaintiff to sustain injuries hereinafter set forth.

11. Upon information and belief, that the aforesaid occurrences were due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

12. Upon information and belief, that the aforesaid occurrences were due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, et seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

13. That the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees, in causing, permitting and allowing the LIRR locomotive airhorn to sound when it was unnecessary, unsafe, perilous and hazardous; as workers where working about the train, and in failing to provide a safe work place; in failing to take due cognizance of the plaintiff as he was

doing assigned work underneath the locomotive; failing to make safe and keep safe the work place and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## **INJURIES AND DAMAGES**

14. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his auditory system, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will suffer hearing loss, physical pain, headaches, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical and health care treatment and care and has and will incur expenses for medical and health care providers and health care treatment; and from time to time, has been, is and will be limited in his activities; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for his resultant harms, injuries, and losses, together with the costs and disbursements of this action.

Dated: New York, New York
April 1, 2024

FLYNN & LAURIELLO PLLC
ATTORNEYS AT LAW

BY *Valerie J Lauriello*
VALERIE J. LAURIELLO (VL6192)
Attorneys for Plaintiff
Office & P.O. Address
5 Penn Plaza 23rd Floor
New York, New York 10001
212-896-3812